IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *

        vs.          *   CRIMINAL NO. MJG-15-0303

ADAM WILLIAMS          *

*          *          *          *          *          *          *          *          *

<u>MEMORANDUM AND ORDER</u>

The Court has before it a letter from Defendant Adam Williams, Jr. dated March 18, 2018, presenting a request for sentence modification.  The letter shall be docketed as a Motion for Sentence Modification.  The Court finds that neither a response nor a hearing is necessary.

On February 1, 2016, Defendant Williams was sentenced to a year and a day term of incarceration with three years of supervised release, including 24 months of residence in community confinement with work release privileges.  ECF Nos. 225 and 240.  He seeks to have his sentence modified.

The Court's authority to modify a sentence after imposition is limited.  There is such authority (1) upon motion of the Director of the Bureau of Prisons, (2) as permitted by statute or the Federal Rule of Criminal Procedure 35 ("Rule 35"),[1] and (3) where the relevant sentencing guidelines have changed since

---

[1]     Rule 35 permits modification of a sentence upon remand, after appeal, upon motion of the Government for substantial assistance, or within 14 days after sentencing if there was an arithmetical, technical, or other clear error.  <u>See, e.g.</u>, <u>United States v. Clark</u>, 8 F. Supp. 2d 560, 561.

sentence was imposed. See 18 U.S.C. § 3582(c)(1)(A), (1)(B), and (2); United States v. Clark, 8 F. Supp. 2d 560, 561-62 (W.D. Va. 1998) (finding that the court's hands were tied and it could not modify the defendant's sentence to home confinement due to defendant's failing health). See also U.S. v. Cook, 890 F.2d 672, 675 (4th Cir. 1989) (the district court does not have the power to amend a sentence simply because it changes its mind).

Defendant Williams does not provide any authority upon which this Court could modify his sentence.

Accordingly:

1. The Clerk shall docket the aforesaid letter as a Motion for Sentence Modification.

2. The Motion for Sentence Modification is DENIED.

3. This action is without prejudice to renewal if Defendant Williams can provide legal authority that would permit a modification of the sentence imposed upon him.

SO ORDERED, this Monday, March 26, 2018.

_____/s/_____
Marvin J. Garbis
United States District Judge